## INMAN vs. GOWER.

JUSTICE'S COURT — APPEAL. — In an action of replevin in justice's court where the plaintiff recovers property found to be of the value of fifteen dollars, and six cents damages, the *recovery* is for more than

fifteen dollars exclusive of costs, and the defendant has a right to review it by appeal. The value of the property and damages together constitute the amount of the recovery.

(3 Chand., 162.)

ERROR to the County Court for *Rock* County.

This was an action of replevin brought in justice's court by *Gower* against *Inman*, for the wrongful taking of four hogs. The property was taken by the officer by virtue of the writ, and a trial was had before the justice and a jury, and the verdict was that *Gower* was entitled to the hogs; that they were of the value of $15, and the damages for the wrongful taking of the property were assessed at six cents. Upon this verdict the plaintiff had judgment for possession of the property and said damages with costs.

The defendant appealed to the county court, and the justice having made his return at the term next succeeding the appeal, the plaintiff moved the court to dismiss the appeal on the ground that in this case an appeal would not lie for the alleged reason that the recovery before the justice, exclusive of costs, did not exceed fifteen dollars. The county court sustained the motion and dismissed the appeal, and the defendant sued out this writ of error.

*Sleeper & Daniells*, for plaintiff in error, insisted that the recovery was for more than fifteen dollars; that it was for the value of the property found at fifteen dollars, and six cents damages, and so was for more than fifteen dollars, exclusive of costs, and that therefore the appeal was maintainable; and cited R. S., ch. 88. §§ 11, 150, 213 and 226.

*Bennett & Hudson*, for defendant in error, argued that the value of the property or order the justice made concerning it formed no criterion for determining whether the judgment of the justice was to be reviewed on appeal or certiorari; that the judgment was for only six cents, exclusive of costs, and hence an appeal would not lie; and cited R. S., ch. 88, §§ 139, 146, 150, 151 and 226; and § 24, ch. 119.

KNOWLTON, J.   This was an action of replevin, commenced
before a justice of the peace.   The jury returned a verdict for
six cents damages for the detention, and found the value of
the property to be fifteen dollars.   The justice rendered judg-
ment on this verdict for the delivery of the property replevied
to the plaintiff, and six cents damages, with costs, as provided
by R. S., ch. 88, § 150.   This case was removed by appeal to
the county court of Rock county, where the appeal was dis-
missed.   To reverse this last judgment this writ of error is
prosecuted.

The only question presented to this court is, Could this cause
be removed by appeal to the county court?

This proposition must depend entirely on the construction of
the statutes.   By sec. 226, ch. 88 of the revised statutes, it is
provided that "any party to a final judgment, rendered by a
justice of the peace, where the *recovery* shall exceed fifteen
dollars, except judgment of nonsuit, exclusive of costs, con-
ceiving himself aggrieved thereby, may appeal therefrom to the
county court of the county where the same was rendered, in the
following cases:"   The cases are then enumerated, which is
not material in this case, as the whole question turns upon the
amount of the recovery.   Now what was the amount of the
recovery, as contemplated by the section of the statute just
cited?

It appears that there was a recovery of six cents damages,
and that the justice ordered the property replevied to be de-
livered to the plaintiff below, which was assessed by the jury
at the value of fifteen dollars.   Then, by this judgment, the
plaintiff recovered the specific property of the value of fifteen
dollars and six cents, for the value of the property and dam-
ages awarded.   The *recovery*, therefore, is more than fifteen
dollars.   This could not be doubted, had the plaintiff taken
judgment for the value of the property, and damages for its
detention in lieu of the specific property and damages.   Can
there be any difference in the recovery as to the mere amount

whether you recover the specific value of an article of personal property, and when you recover the real value of the same? By way of illustration, we will suppose a case : A. brings two suits against B. for two jewels, worth one thousand dollars each. There is no choice in the value of them ; in one case he recovers the jewel, in the other suit he recovers one thousand dollars, the precise value of it. Now his recovery was for the same amount in each case ; he merely recovered the specific value of the thing in one case, and real value of the thing in the other case.

It is worthy of notice that the legislature in the section giving a right of appeal, used the word *recovery*, and not as is very usual in statutes giving appeals, that when the judgment for debt or damages shall exceed the sum of, etc., the party aggrieved may appeal, etc.

We have no doubt this is a case where the legislature intended giving an appeal, at all events the case is obviously within the statute above referred to, giving an appeal, and we have no right to explain it away by construction. The appeal was improperly dismissed by the county court, and its judgment should be reversed with costs, and with directions to that court to proceed with the cause.

Judgment reversed accordingly.